STATE *v.* L. J. NORMAN.

*Superior Court Clerk—Forfeiture of Office—How Enforced.*

1. The forfeiture of office incurred by a superior court clerk under Bat. Rev., ch. 90, §§ 15 and 16, by failing to keep open his office on Mondays, can only be enforced by proceedings in the nature of *quo warranto.*

2. Such forfeiture cannot be enforced by judgment of amotion from office as a part of the punishment, where the clerk has been convicted of a misdemeanor, under Bat. Rev.. ch. 32, § 107, in wilfully neglecting to discharge the duties of his office.

(*Saunders* v. *Gatling*, 81 N. C., 298; *Davis* v. *Moss, Ib.*, 303; *People* v. *Wilson*, 72 N. C., 155; *People* v. *Hilliard, Ib.*, 169; *People* v. *Heaton*, 77 N. C., 18, cited and approved.)

INDICTMENT for Misdemeanor, tried at Fall Term, 1879, of SURRY Superior Court, before *Gilmer, J.*

The defendant, being clerk of the superior court of Surry county, was indicted for neglecting to open his office from the hour of nine o'clock a. m., until four o'clock p. m., on Monday, the 31st day of March, 1879. There was a verdict of guilty, judgment that defendant be fined fifty dollars, and he was further adjudged to have forfeited his said office, and was accordingly amoved. From which judgment the defendant appealed.

*Attorney General,* for the State.
*Messrs. Geo. B. Everitt,* and *Reade, Busbee & Busbee,* for the defendant.

ASHE, J. The defendant was indicted under sections 15 and 16, chapter 90, and section 107, chapter 32, of Battle's Revisal. The first two sections read: "15. The clerks of the superior courts of this state shall open their offices every Monday from nine a. m., to four p. m., for the transaction of probate business, and each succeeding day till such matter is disposed of. 16. Any clerk of the superior court failing to comply with the last section (unless such failure is caused by sickness) shall forfeit his office." And section 107, chapter 32, provides: "If any clerk of the superior court, or any other officer in the state who is required on entering upon his office, to take an oath of office, shall wilfully neglect or refuse to discharge any of the duties of his office, for default whereof it is not elsewhere provided, &c., he shall be deemed guilty of a misdemeanor." If this section had gone on to provide that upon conviction the defendant should forfeit his office and be removed therefrom, the forfeiture and deprivation of office would have constituted the punishment, which the court was authorized to impose; or if there had been added to section 16 of chapter 90, the provision, that

upon conviction in a criminal action the defendant should be removed from his office, then the court would have had the right to deprive the defendant of his office, and there would have been no error in the ruling of His Honor. But this section only declares that the failure to comply with the provisions of section 15 shall be a forfeiture of his office. How does this differ from the forfeiture of an office for any other cause, as for non-user? In such case the parties are not and cannot be removed by a judgment upon conviction on a bill of indictment, but can only be removed by an action in nature of a writ of *quo warranto* as provided by section 366 of the code of civil procedure, which provides that "an action may be brought by the Attorney General, in the name of the people of the state upon his own information or upon the complaint of any private party, against the parties offending in the following cases: * * * 2. When any public officer, civil or military, shall have done or suffered an act which by the provisions of law shall make a forfeiture of his office." It has been held by numerous decisions in this state that a civil action in the nature of a writ of *quo warranto* is the proper remedy to try the right to a public, office. *Saunders* v. *Gatling*, 81 N. C. 298; *Davis* v. *Moss, Ib.*, 303; *People* v. *Wilson*, 72 N. C., 155, and *People* v. *Hilliard,* *Ib.*, 169.

If there should exist any doubt that this is the appropriate remedy in this case, it is settled by the decision of this court in the case of the *People* v. *Heaton*, 77 N. C., 18, where the defendant, being clerk of the superior court of New Hanover county, was sued in a civil action in nature of a writ of *quo warranto*, for a breach of official duty, like that alleged in this case, and the court held "that the action was properly brought, as provided in section 366 of the code; and upon objection being taken that the remedy was by indictment or impeachment and not by an action in nature of a writ of *quo warranto*, the court said: "The action was

44

not brought to punish the defendant criminally, but to vacate an office which he has forfeited by a failure to perform its duties. He is still liable to indictment and punishment for the same or similar offences, both of misfeasance and nonfeasance." The distinction is clearly made in that case between an action to enforce the forfeiture of an office, which is the subject of this prosecution, and the indictment for a wilful omission, neglect or refusal to discharge the duties of an office, which is made a misdemeanor by section 107, chapter 32 of Battle's Revisal. The very next section that follows that, to-wit, section 108, provides that offences made misdemeanors by statute, when a specific punishment is not prescribed, shall be punished as was a misdemeanor at common law ;" and at common law, fine or imprisonment or both in the discretion of the court were the only punishment for misdemeanors.

Section 107, chapter 32 of Battle's Revisal is a literal copy of section 119, chapter 34 of the Revised Code, except the words "clerk of the county court and clerk and master in equity," and this section of the Revised Code is a substitute for section 14, chapter 19 of the Revised Statutes, act of 1777, which is as follows : " And if it shall be discovered that any of said clerks, after his appointment, shall have violated his said oath, and willingly and corruptly, has done anything contrary to the true intent and meaning thereof, such clerk shall be deemed on conviction guilty of misbehavior in office, and shall forever afterwards be incapable of holding any office, civil or military within this state." The proviso in this section relating to the incapacity to hold office is omitted in the Revised Code. This act of 1777 has stood upon the statute book of the state for at least eighty years, and we are unable to find any case where a clerk of any court has been indicted for misbehavior in office, and upon conviction removed therefrom under the sentence of the court as a punishment for his offence. The fact that no such

case is to be found through such a long series of years, is a circumstance corroborative of the correctness of the construction we have given to the sections 15 and 16 of chapter 90 of Battle's Revisal.

There is error. The judgment pronounced in the court below is reversed. Let this be certified to the superior court of Surry county to the end that the court may proceed to the proper judgment in the case in conformity to this opinion and the law of the state.

PER CURIAM.                                             Error.