GEORGE L. GIBSON v. HENRY L. GRONER.

In the present condition of the Government and the Courts and as the process of the Courts is now controlled, a plaintiff in execution can only collect currency, or United States Treasury notes. *Therefore*, in assessing damages, the jury should estimate the value of the demand *in currency*.

CASE, tried before *Mitchell, J.*, at Spring Term 1868, of the Superior Court of CABARRUS.

The plaintiff borrowed from the defendant $150 in United States currency, and deposited with him $360 in gold coin, as a security for the return of the $150. In a few days thereafter the plaintiff tendered $150 in currency to the defendant, and demanded the return of the gold. The defendant refused, and thereupon this action was brought. The only question was as to the measure of damages. The plaintiff insisted that he was entitled to the $360, with the *premium* added for gold,

and interest from the time of refusal. His Honor charged the jury that the plaintiff could only recover $360 and interest. Verdict accordingly. Judgment; and Appeal by the plaintiff.

*Boyden & Bailey*, for the appellant.

No counsel *contra*.

READE, J. In the present condition of the Government and the Courts and as the process of the Courts is now controlled, a plaintiff in execution can only collect currency, *i. e.* United States Treasury notes.

In assessing damages therefore, in any given case, justice requires that the jury should consider that fact, and that their verdict should be for the value of the demand in currency. If the demand be for a horse, and the horse is worth $100 in coin, and $150 in currency, the verdict ought to be for $150.

In applying that principle to this case, the plaintiff is entitled to a verdict for the amount of the value of the gold which he deposited, in currency—*i. e.*, to the nominal amount of the gold coin, with the depreciation of the currency added. There is error.

PER CURIAM.                               *Venire de novo.*