A. A. MITCHELL v. JAMES A. HENDERSON and another.

In an action of assumpsit, the rule of damages in a suit upon a note for $107 payable "in gold, or its equivalent in the currency of the country," is—such amount in U. S. Treasury Notes, as, at the time the note became due, was worth $107 in gold.

Judgments given now are solvable in Treasury Notes of the United States.

(*Gibson v. Groner, ante* 10, cited and approved.)

ASSUMPSIT, tried before *Cilley, J.*, at CASWELL, Spring Term 1868.

The plaintiff declared upon a note for $107, payable "in gold, or its equivalent in the currency of the country;" and requested the Judge to instruct the jury that he was entitled to collect in dollars and cents as much as the sum called for in gold, was worth at the time the note became due, (January 1st 1867.)

The Court declined so to do, and instructed the jury that the measure of damages was $107 with interest, &c., from January 1st, 1869.

Verdict accordingly; Rule, &c.; Judgment, and Appeal.

*Bailey*, for the appellant.

No counsel *contra*.

DICK, J. The principle involved in this case, was fully considered, and decided at the last term of this Court; *Gibson* v. *Groner, ante* 10.

As the distinctions between the common law forms of action *ex contractu* are now abolished, (Const. Art. IV, Sec. 1,) and the remedy for the enforcement of all kinds of contracts, is a "civil action," there ought to be an uniformity as to the currency in which judgments are to be entered.

Both in England and in this country the currency and the method of counting it, are established by law, and all legal proceedings are to be kept in conformity to such regulations.

In England judgments are entered in pounds, shillings and pence; and in this country, they must be entered in dollars and cents, Act of April 2nd, 1792. Sec. 20.

In this country we have two kinds of currency differing in value, *i. e.*, coin, and Treasury notes.

We have been unable to find any authority to warrant a judgment in coin, in one action for a money demand, and in another action of the same kind a judgment for Treasury notes; or in the same action an alternative judgment for coin or Treasury notes.

At common law in the action of debt in the detinet for goods, and in the action of detinue, a judgment may be rendered in the alternative, " that the plaintiff recover the goods, or the value thereof if he cannot have the goods, &c," but we remember no other judgments of like character. We think. that the law does not authorize two such forms of judgment for money demands; and therefore hold that the value of all contracts, whether simple contracts, or specialties, must in a civil action be estimated in United States Treasury Notes, and judgment be rendered for such amount, solvable in currency.

Where there is an express contract for the payment of coin, the depreciation of Treasury notes must be ascertained and added to the nominal amount of coin agreed upon.

We adopt this rule of law for uniformity and convenience, as coin is now practically an article of commerce, and is rarely used as currency, and as the Act of February 25th 1862 makes Treasury notes a legal tender in the payment of debts. The technical objections to this rule of law, arising from the nature and form of the common law actions, no longer exists, and the civil action substituted by the Code is sufficiently broad in its operation to give adequate remedy for the enforcement of all contracts.

The case before us, is an action of assumpsit, and even at common law, there was no difficulty in the jury assessing damages in treasury notes for the non-performance of the coin contract. There was error in the ruling of his Honor in the

Court below, but as he acted in conformity with a Military
order then in force, each party must pay his own costs in
this Court.  (C. C. P. Sec. 278).  *Venire de novo* awarded.
Let this be certified.

PER CURIAM.                                  *Venire de novo.*