## JOHN H. GARRETT *v.* W. H. SMITH.

The plaintiff, in 1864, at Elizabeth City, within the Federal lines, as sub-agent for the State, purchased hats to be conveyed to the defendant (his principal,) in Halifax County, within the Confederate lines, for the use of the State troops. The hats were transported into Halifax County to the residence of the defendant, but were not sold to the State on account of their high price, and thereupon the defendant purchased them, agreeing to give for each, thirty pounds of lint cotton. Subsequently the defendant refused to pay for them, *Held* :

1. That the contract of sale between the parties was not against the policy of the Government of the United States.

2. That the Ordinance and Act establishing a *scale* of values, had no application ; and that the plaintiff's measure of damages, was the value of *the cotton in gold* at the time and place of the contract, adding, for Treasury notes, the premium on gold at the time of the verdict.

(*Phillips* v. *Hooker*, Phil. Eq. 193 ; *Robeson* v. *Brown*, 63 N. C. 554, cited and approved.)

ASSUMPSIT, tried before *Pool, J.*, at Fall Term 1869, of CHOWAN Court.

The facts were : That in 1864, and up to the close of the late war, the defendant was an agent of the State to procure supplies of provisions and clothing, for the use of its troops, from places east of the Chowan river, and the plaintiff was a

subordinate agent, under the defendant, for the same purpose. Accordingly, on the 1st of December 1864, the plaintiff purchased certain hats on private account, and transported them to the residence of the defendant, in Halifax County, his usual place of rendezvous. He paid for them in notes of North Carolina banks. As the schedule price allowed for hats by the State was not high enough, the plaintiff refused to let the State have them, and thereupon sold them to the defendant upon private account, for thirty pounds of *lint* cotton *per* hat. At that time the Chowan River was the boundary between the Federal and the Confederate lines.

It was in evidence that North Carolina bank-notes at the time that the hats were bought, were worth fifty cents in the dollar in the National Paper-currency. Upon the defendant's proposing to show the value of this currency at that time in gold, the plaintiff objected, and the Court excluded the evidence. To this the defendant excepted.

The defendant submitted also, that the contract was illegal.

The Court instructed the jury that the contract was not illegal, and that the measure of damages was the value of the hats at the time and place of sale to the defendant.

Verdict for the plaintiff; Rule, &c.; Judgment, and Appeal by the defendant.

*Smith*, for the appellant.
*W. A. Moore, contra.*

DICK, J. The ordinance of Oct. 18th 1865, and the acts of 1866, chs. 38 and 39, relate only to the following contracts made during the late war :

1. Executory contracts solvable in money.

2. "Debts contracted, in which the nature of the obligation is not set forth, nor the value of the property for which such debts were created, is stated."

. The rules of construction laid down in *Robeson* v. *Brown*, 63 N. C., 554, are only applicable to such contracts.

The case before us presents a different kind of contract, *i. e.*, a contract of exchange, or barter, of property. The plaintiff, under an express agreement, delivered to the defendant a number of hats, and was to receive in exchange thirty pounds of lint cotton for each hat. The defendant failed to perform his part of the contract, and this suit was brought to recover damages for such non-performance. The true measure of damages is the value of *the cotton* at the time and place of the contract. As United States Treasury notes were not used as a medium of exchange within the limits of the insurrectionary States, in contracts made during the war, gold must be adopted as a standard value. Where the gold value of the contract is ascertained by evidence, the jury, in adding the depreciation of treasury notes, should be governed by the market value of such currency at the time of the verdict, and judgment should be rendered for amount: *Mitchell* v. *Henderson*, 63 N. C. 643.

The defendant in his pleadings insisted that this contract was void for illegality, as it was in violation of the act of Congress of July 13th 1861, 12 U. S. Stat. at large, 257. That act interdicted all commercial intercourse between citizens of the United States, and citizens of the insurrectionary States, but did not prohibit contracts between citizens of the same section. This contract was made within the limits of an insurrectionary State, between citizens of said State, and the goods were exchanged on private account, and with no intent to aid the rebellion.

The plaintiff violated the law when he purchased the hats in Elizabeth City, and they became liable to forfeiture; but they were safely transported within the Confederate lines, and changed in the course of domestic trade, and such contract is in no way tainted with illegality: *Phillips* v. *Hooker*, Phil. Eq. 193.

There was error in the ruling of his Honor in the court

below, as to estimating the value of the plaintiffs' contract, and there must be a *venire de novo.*

Let this be certified.

PER CURIAM.                              *Venire de novo.*