WILLIAM R. BROWN *v.* HENRY M. FOUST and another.

A bond had been given in 1863 for the price of a slave, and partial pay-
ments had been made thereupon in Confederate money : *Held*, that in
order to ascertain how much is now due thereupon in National cur-
rency, the jury should estimate the value of the slave when purchased,
in gold, and deduct therefrom an amount which bears to that value
the same proportion which the payments do to the sum specified in
the bond ; adding to the remainder the depreciation of U. S. Treasury
notes at the time of the verdict.

(*Garrett* v. *Smith, ante* 93, approved.)

DEBT upon bond, tried before *Tourgee, J.,* at Spring
Term 1870 of RANDOLPH Court.

The bond had been executed Sept. 1, 1863, payable at
six months, for $1400, being the price of a negro girl then
purchased by the obligors.   Payments were endorsed there-
upon : of $800, paid April 30th 1864, and of $400, paid Oct.
29th 1864.

His Honor instructed the jury that they should scale the
note according to the value of the property, and that the
payments should be scaled according to the money scale, and
that they might allow the premium for gold, upon both the
value of the property, and the value of the money paid.

Verdict, and Judgment accordingly, for $1,192.53.

The defendants appealed.

*Gorrell,* for the appellants.
*Scott & Scott* and *Mendenhall, contra.*

DICK, J.   The Confederate money was received by the
obligee, and such payment discharged the bond *pro tanto.*
The bond was given for a negro girl, and the value of the
balance of the contract is regulated by the acts of 1866, chs.
38 and 39.   The jury upon the proof, should have estimated

in gold, the value of the negro girl at the time of the contract, and deducted therefrom an amount which bore the same proportion to such value as the payments did to the sum specified in the bond, and then added to such gold balance, the depreciation of U. S. Treasury notes, at the time of the verdict: *Garrett* v. *Smith, ante* 93.

As for instance, if the amount of the bond had been fifteen hundred dollars, and the payments had been five hundred dollars, one-third of the bond would have been discharged, and one-third should have been deducted from the gold value of the property.

The instructions of his Honor were erroneous, and there must be a *venire de novo.*

Let this be certified.

PER CURIAM.                                      *Venire de novo.*