W. W. WALKUP v. H. M. HOUSTON.

Credits in currency, endorsed as such on a note payable *in specie*, are pay
ments only to the amount of the value *in specie* of such credits at the·
respective dates of payment.
*Mitchell* v. *Henderson*, 63 N. C. 643, cited and approved.

This was a civil action tried before *Buxton, J.*, at Spring·
Term, 1871, of Union Superior Court.

The claim sued on was a sealed note payable to plaintiff *in
specie*, and executed in January, 1867. Several payments were
made on said note, and were endorsed as follows, to-wit:
" Received $247.20 in greenbacks February 24th, 1869."
" Received $588.20 in currency June 1st, 1869." " Received
July 6th, 1870, $71.56 in currency." " Received September
10th, 1870, $2.78 in currency."

The only question submitted to his Honor was, how are pay-
ments in currency to be rated on a specie note ? The premium
on specie was agreed upon at the respective dates of payment.
His Honor instructed the jury that the payments on said note
should be rated and allowed at their specie value *when made ;*
and to the amount ascertained to be due upon the note, after
deducting the value of payments, should be added the differ-
ence between specie and greenbacks at date of payment. To
which defendant excepted. Verdict for plaintiff. Judgment
and appeal.

*Ashe*, for plaintiff.

When it appears to be the clear intent of a contract that
payment shall be made in gold and silver, damage should be
assessed in coin, and judgment rendered accordingly. *Butler*
v. *Howitz*, 7 Wallace, 258.

All contracts to be enforced according to the lawful intent

and understanding of the parties.  *Gibson* v *Groner*, 63 N. C. 10.

*J. H. Wilson*, for defendant.

DICK, J.  The meaning of a contract is a question of law, which must be determined by the Court.  In the construction of contracts, the first point is to ascertain what the parties themselves meant, but no construction ought to be adopted which will do violence to the rules of language, or to the rules of law.  The parties to this contract agreed that it was to be paid in *specie*.  The meaning of this word is well understood to be metallic money issued by public authority, and it is generally used in contradistinction to paper money.

In this country there are two kinds of money established by law, *i. e.*, coin and treasury notes.  They are both made a legal tender in the payment of private debts; but they have a different value in the financial market.  This fact was well understood by the parties when this express contract for *specie* was executed.  The terms of the contract were not waived when the payments were subsequently received in greenbacks and currency, and so expressly endorsed on this note.  These endorsements were thus specifically made for the purpose of ascertaining the *specie* value of the payments on a subsequent settlement.  The payments only discharged the contract to the amount of their *specie* value at the date of payment.  The manner of ascertaining the value of the contract and entering judgment, is explained in *Mitchell* v. *Henderson*, 63 N. C. 643.

There was no error.

PER CURIAM.                                Judgment affirmed.