URIAH VAUGHN, Adm'r, *de bonis non, v.* W. T. STEPHENSON, Adm'r, &c.

No Court except that of the Probate Judge, or some Court acting on appeal from him, has jurisdiction to issue execution against the assets of a decedent.

An action may be brought in any Court having jurisdiction against an administrator, and judgment obtained, but no issue of fully administered can be tried, and a judgment for the plaintiff merely ascertains the debt.

Acts of 1868-'69, chap. 113, and of 1871-'72, chap. 213.

NOTICE, in the nature of a *scire ficias* to defendant, heard before *Cloud, J.,* at the January (Special) Term, 1873, of the Superior Court for NORTHAMPTON county.

Plaintiff, as administrator *de bonis non,* of W. W. Powell, obtained at Spring Term, 1869, of said Court, a judgment against S. A. Warren, the intestate of defendant. In September, 1872, plaintiff issued notice reciting the foregoing facts to the defendant to appear and show cause why execution should not issue against the estate of the intestate in his hands.

At the return term of the notice defendant moved to dismiss the proceeding, which motion was not allowed, and the defendant appealed.

*Barnes,* for appellant.
*Peebles & Peebles,* contra.

RODMAN, J. In September, 1872, the plaintiff caused to be issued to the defendant a *scire facias,* reciting that plaintiff, as administrator, had recovered a judgment against Warren and Martin ; that Warren had afterwards died intestate, and defendant had become his administrator, and requiring the defendant to appear at the next term of the Superior Court and show cause why execution should not issue against the goods and chattels of the intestate in his hands, &c.

Defendant moved to dismiss the writ because the Court had no jurisdiction to give the judgment demanded. The

judgment recited was recovered at Spring Term, 1869. In May, 1872, Warren died intestate. Administration was granted to defendant in August, 1872.

The case comes within the provisions of the Act of 1868–'69, chap. 113, p. 257, and the Supplemental Act of 1871–'72, chap. 213, p. 375, which are *in pari materia*, and must be construed together.

By the Act of 1868–'69, sec. 24, it is provided that all the debts of a decedent shall be divided into seven classes which shall be paid in a certain order, and that all debts shall be paid *pro rata* in their respective classes. Preferences are forbidden.

The greater part of the provisions of the Act relate to the voluntary settlement of an estate by the executor or administrator.

Section 82, however, provides that a creditor of the decedent may bring an action against the executor, &c., but no execution shall issue without leave of the Court upon notice of twenty days and proof that the executor, &c., has refused to pay the creditor his rateable part.

This section implies that there has been a previous statement of the administration account by the Probate Judge. So far as it is inconsistent with the later Act of 1871–'72, it must give way to that.

The object of that Act is to provide means by which, in case the executor, &c., delays a voluntary settlement of the estate, a creditor on behalf of himself and other creditors may compel it.

Section 1. Any creditor may prosecute a special proceeding before the Probate Judge in his own name, and in behalf of all the creditors of the deceased to compel an account by the executor, &c. The other sections prescribe in detail the manner in which claims against the estate shall be proved. Section 6. Creditors shall file their claims. Section 7. How the claims shall be evidenced. Section 10. Representative

to admit or deny claims within five days.  If he denies a
claim, the pleadings shall be as in other cases.  Section 11.
The issues thus joined shall be tried in the Superior Court.
Section 23.  No judgment of any Court against a personal
representative shall fix him with assets, except a judgment
of the Probate Judge on the particular point.  Judgments
of other Courts simply ascertain the debt.

These provisions sufficiently show that no Court except
that of the Probate Judge, or some Court acting on appeal
from him, has jurisdiction to issue execution against the
assets of a decedent.  An action may be brought in any
Court having jurisdiction, and judgment obtained, but no
issue of fully administered can be tried, and a judgment for
the plaintiff merely ascertains the debt.

The proceeding of the plaintiff is irregular, and without
the jurisdiction of the Superior Court, and should have been
dismissed.

PER CURIAM.   Judgment below reversed, and proceeding
dismissed.