WIMBISH & CO. *v.* C. C. MILLER and others.

When the consideration for a promise to pay, is property purchased by the debtor during the war, the vendor is entitled to recover the value of such property at the date of the sale, in gold, or its equivalent in the legal tender of the United States.

Payments in Confederate money, are to be deducted at their nominal value from the sum owing; the value of the residue being ascertained upon the above principle.

The fact that a mortgage was given to secure the payment of the residue makes no difference in ascertaining the amount of the debt.

(*Robeson* v. *Brown,* 63 N. C, Rep. 554, cited and approved.)

This was a CONTROVERSY, submitted without action, to *Cannon, J.,* and by him heard at Chambers in JACKSON county upon the following facts :

The parties to this action agree to the following statement of facts, and submit them to the Court for its judgment thereon. On the 16th day of February, 1865, the defendant, C. C. Miller, purchased from one Woodford Zachary ten thousand two hundred and sixty nine acres of land situated in Jackson county, at the price of thirty thousand, eight hundred and seven dollars, Confederate money, and paid down, in Confederate money, eleven thousand two hundred and thirty-three dollars. Thereupon Zachary executed and delivered to the said Miller a deed of conveyance for the lands, and Miller executed and delivered to him a mortgage on same lands, to secure the balance of the purchase money.

Subsequently Zachary transferred and assigned the mortgage to other parties, and they transferred and assigned the same to the plaintiff. The mortgage was duly registered in Jackson county and the assignments thereof are properly and regularly registered.

It is further agreed that the defendants, Alfred Voorhis, Mary E. Martindike, Charles Voorhis, Emily Voorhis, and Thomas Voorhis have acquired the interest of the said Miller

in the said lands and are entitled to redeem them from the mortgage.

The plaintiffs are, and were at the time of these transactions, citizens and residents of the State of Virginia, the defendants of the State of New Jersey.

This action is brought to foreclose the mortgage, the plaintiff's claiming that the value of the mortgage is the value of the land, deducting the value of the payment heretofore mentioned. The defendants insist that they are entitled to redeem upon paying the scale value of the Confederate money at the date of the mortgage.

If the Court shall be of the opinion with the plaintiff, it is agreed that a jury shall be empannelled and a reference made to ascertain the value of the land, and they will be entitled to receive that amount with interest, less the value of the payment made by Miller.

But if the Court shall be of the opinion with the defendants, then the plaintiff will only be entitled to recover the scale value of the Confederate money at the date of the mortgage and interest thereon to day of payment.

The Court gave judgment in favor of the plaintiff, and thereupon the defendants appealed.

*Coleman* and *Carter*, for appellants.
*A. T. & T. F. Davidson*, contra.

RODMAN, J. The several acts of Assembly on the subject of debts contracted during the war, which are too familiar to need any special reference, and the numerous decisions of this Court on the meaning of those acts, establish this rule: If the consideration for the promise to pay, was property purchased by the debtor, the vendor is entitled to recover the value of the property at the date of the sale, in gold, or its equivalent in the legal tender of the United States. *Robeson* v. *Brown*, 63 N. C. Rep., 554.

If a part of the price was paid in Confederate money, such

payment is to be deducted at its nominal value from the sum owing; it is a payment *pro tanto* upon the debt, and the residue only is owing, the value of which is to be ascertained upon the same principle. If, for an easy example, land worth $6,000 was sold for $30,000, and one half or $15,000 was paid, the purchaser would owe one half the value of the land, or $3,000 in gold, with interest, or its equivalent, as aforesaid. The fact that a mortgage was given to secure the payment of the residue, can make no difference in the amount of the debt.

This is the only question presented by the case agreed, and under the agreement the case is remanded, in order that the value of the land may be ascertained, and the case otherwise proceeded in according to law.

PER CURIAM. Case remanded, to be proceeded in, &c. The plaintiff will recover costs.