W. O. DUNN v. W. E. BARNES, Adm'r

After the decision of a Judge of the Superior Court overruling a demurrer as frivolous, the right to answer over is not a matter of course, but depends upon the sound discretion of the court.

Any informality in the demand for judgment in a complaint is not ground for demurrer, and must be disregarded, when the sum demanded, and how it is due, sufficiently appear from the summons and complaint.

In an action upon a bond " payable in gold or its equivalent in currency," the amount which the plaintiff is entitled to recover, must be measured by ascertaining its equivalent in currency.

It is error, and contrary to the practice and decisions of our Courts to render judgment in the alternative.

An absolute judgment against an administrator ascertains the debt only, and has no effect in fixing the defendant with assets, or in disturbing the order of administration.

(*Garrett* v. *Smith*, 64 N. C. Rep. 93; *Gibson* v. *Groner*, 63 N. C. Rep. 10; *Oates* v. *Gray*, 66 N. C. Rep. 442; cited and approved. *Rowland* v. *Thompson*, 71 N. C. Rep. 457, cited and distinguished from this and approved.)

This was a CIVIL ACTION, for the recovery of money only, tried before *Watts, J.,* at Spring Term, 1875, HALIFAX Superior Court.

The plaintiff alleged that Margaret Dunn, the defendant's intestate, on the 27th day of December, 1865, executed a promissory note, whereby she promised to pay, twelve months after date with interest from date, to L. L. Dunn and F. M. Parker, executors of B. W. Dunn deceased, the sum of six hundred and seventy two dollars and seventy-five cents in gold, or its equivalent. That said Margaret died on or about the first day of January, 1873, and defendant was appointed her administrator on the first day of May, 1873. The said note has been rejected by him. On or about the fifteenth day of August, 1874, the note was transferred for value, to the plaintiff. No part of the note has been paid. That one dollar in.

18

gold was worth in United States currency on the 27th December, 1866, one dollar and forty cents.

The plaintiff prayed judgment against the defendant for the sum of ——— dollars with interest thereon from the 27th day of December, 1866, until paid and the cost of the suit, &c.

The defendant demurred to the complaint and for ground of demurrer alleged :

1. That the prayer for judgment does not set out any amount claimed whatever, and demands judgment for nothing.

2. That it would seem from the complaint that the plaintiff desired to claim the value of gold at the time of making the note, and not the value at the time of the payment which the defendant submits is wrong in law.

His Honor overruled the demurrer as frivolous. The counsel for the defendant stated that he had filed the demurrer in good faith and not merely for delay, and that he had a substantial defence. His Honor said that he could not tell what was in the mind of the counsel at the time the demurrer was filed, and he was bound by the face of the demurrer. Counsel then moved the Court for leave to answer the complaint. His Honor overruled the motion and gave judgment in favor of the plaintiff for $957.32, and interst on $672.75 from date in gold or its equivalent in Federal currency, to-wit : $1100.91.

From this judgment the defendant appealed.

*Walter Clark*, for the appellant.
*Busbee & Busbee*, contra.

BYNUM, J. The Court did not err in overruling the demurrer, and we concur also, that the demurrer was frivolous. In such case the right to answer over, is not a matter of course, but depends upon the sound discretion of the Court. C. C. P., 131.

A demurrer to a complaint does not lie at all except in one of the following cases :

1. Where it appears from the face of the complaint, that

the Court has no jurisdiction of the person of the defendant, or the subject of the action.

2. That the plaintiff has no legal capacity to sue.

3. That there is another action pending between the same parties for the same cause.

4. That there is a defect of parties plaintiff or defendant.

5. That the complaint does not state facts sufficient to constitute a cause of action. As the complaint is clearly sufficient in all these respects, it was a case which did not allow of the interposition of a demurrer. C. C. P., sec. 95.

Treating the demurrer as " frivolous." or no demurrer, and the judgment as one given for the want of an answer, did his Honor render such a judgment as was warranted in law, and was it rendered according to the course and practice of the Court ? Any informality in the demand of judgment in the complaint, must be disregarded when the sum demanded and how it is due, sufficiently appear, from the summons and the complaint. The action is on a note, under seal, for $672.75 " in gold or its equivalent in currency," dated the 27th December, 1865, and payable twelve months after date, with interest. On overruling the demurrer, and refusing to allow the defendant to answer, his Honor gave judgment in favor of the plaintiff for $957.32 in gold and interest on $672.75, the principal money from the 10th May, 1875, the date of the judgment, or its equivalent in Federal currency, to-wit, $1,100.91, and interest on $672.75, from 10th May, 1875, until paid. The Court erred in giving an *alternative* judgment, as it is not in accordance with the practice and decisions of our Courts. *Mitchell* v. *Henderson*, 63 N. C. 643. It was also error to give judgment for gold, as it has been repeatedly held by this Court, that the value of a gold contract must be measured by ascertaining its equivalent in currency, and that judgment must be rendered for the amount so ascertained. *Garrett* v. *Smith*, 64 N. C. Rep., 93 ; *Brown* v. *Foust*, 64 N. C. Rep., 672 ; *Gibson* v. *Groner*, 63 N. C. Rep., 10. After finding the gold value of the note up to the rendition of the judgment,

the premium for gold at that date should have been added, and the sum so converted into national currency, was the amount for which judgment should have been given. Such was the rule adopted by the Court in ascertaining the value of the gold note, in currency, and had he not also given judgment for the value of the note, in gold, there would have been no error. But this Court will not grant a new trial, when the whole record is before us, and the Court here can see and correct the error, and give such judgment as the Court below ought to have given upon the whole record. To do this, it is only necessary to strike out, or treat as surplusage, the gold judgment.

The remaining question is, was it competent for the Court below to ascertain and assess the premium upon gold, without the intervention of a jury?

The cases cited by the defendant to show that a jury must assess the premium upon gold, as damages, have no application here, for these were cases where the defendant put in an answer and defended, which stand upon a different footing. Those cases stood upon issues raised by the pleadings, and, as held in *Rowland* v. *Thompson*, 71 N. C. Rep., 457, where there appears upon the record no waiver of a jury trial, it is error for the Court to pass upon facts. But in our case, judgment was taken for want of an answer, where a very different rule prevails, and where the case falls within the provisions of C. C. P., sec. 217, 218. The substance of sec. 217, so far as it is applicable to this case is, that if the taking of an account or the proof of any fact be necessary to enable the Court to give judgment, the Court may take the account or hear the proof, or may order a reference for that purpose. And where the action is for the recovery of money only, or of specific real or personal property with damages for the withholding thereof, the Court may order the damages to be assessed by a jury or by a reference. It was, therefore, competent for the Court to pass upon the facts or to refer them to a jury, in his discretion. Such is the construction given to this section of the Code in

*Oates* v. *Gray*, 66 N. C. Rep., 442. A jury would have been a useless formality in this case, as it was only necessary to look into a newspaper to find the market premium on gold. No exception is taken to the correctness of the finding of the Court, and as the defendant has not been prejudiced thereby, it would seem to be immaterial whether the fact was found by the Court or a jury. The judgment-is, in fact, for less than the computations in the defendant's brief indicate that it should be, and in one respect the judgment is erroneous in his favor. It gives interest in currency upon the gold principal of the note from the date of the judgment until it is paid, instead of upon the value of the note in currency. To this the plaintiff was entitled, but he has not excepted to the judgment.

The administration of the defendant was since July, 1869, and is governed by the provisions of chap. 45, Bat. Rev.; and the defendant suggested that it was error to give an absolute judgment against the administrator, as it fixes him with assets. By reference to the 95th section of chap. 45, Bat. Rev., it will be seen that it has no such effect. An absolute judgment ascertains the debt only, and has no effect in fixing the defendant with asse   or in disturbing the order of administration The judgment of the Court below is corrected by striking out the alternative judgment for gold and affirming the judgment then rendered in currency, to-wit, for $1,100.91 with interest on $672.75 from 10th May, 1875, until paid.

Judgment corrected and affirmed.

PER CURIAM.                              Judgment accordingly.