MOSES S. HOLMES v. JOHN FOSTER, Jr., Administrator, and others.

*Practice—Judgment Against Administrator.*

In an action against an administrator upon à note executed by him for a debt of his intestate, when the intestate died Nov. 26th, 1869, and administration was granted upon his estate Dec. 23th, 1869, the Superior Court had jurisdiction to give judgment against the administrator only for the purpose of ascertaining the debt ; it had no authority in such action to investigate his accounts or to fix him with assets by any judgment.

(*Vaughn* v. *Stephenson*, 69 N. C. 212 ; *Dunn* v. *Barnes*, 73 N. C. 273, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1876, of ROWAN Superior Court, before *Cloud, J.*

This was an action brought on the 6th of October, 1874, to recover the value of a promissory note under seal executed by the defendants to the plaintiff, for a debt due by their intestate, and the case was referred to the Clerk of the Court to take an account of the administration of the estate of the defendants' intestate (John Foster, Sr.). The defendants' intestate died on the 26th of November, 1869, and the defendants were appointed administrators on the 13th of December, 1869. His Honor sustained the exceptions filed to the report of the Referee, and gave judgment against the defendant administrator for the amount alleged to be due on said note ; and it was also adjudged that the defendant had been guilty of a *devastavit,* in that, it appeared that he was one of the next of kin of the intestate and had ample funds to pay said note to plaintiff, and without paying the same, he distributed the personal estate amongst the next of kin. From which judgment the defendants appealed.

Messrs. *J. M. McCorkle* and *A. W. Haywood,* for plaintiff.

*Messrs. Kerr Craige, A. Jones* and *J. M. Clement,* for defendants.

FAIRCLOTH, J. This action was commenced after July 1st, 1869, and before the Act of 1876–'77, ch. 241, and the Court had jurisdiction to give judgment against the obligors, and for the purpose of ascertaining the amount of the debt against the administrator; but it had no authority to investigate his accounts or to fix him with assets by any judgment. Bat. Rev., ch. 45, § 95. *Vaughn* v. *Stephenson*, 69 N. C. 212; *Dunn* v. *Barnes*, 73 N. C. 273.

That part of the judgment which ascertains the debt as against the administrator is affirmed, and the other part is reversed. The defendant administrator will recover his costs in this Court.

Error.

PER CURIAM.                    Judgment accordingly.