*JAMES W. GRANT, Adm'r, v. JOSEPH J. BELL.

*Account and Settlement— Executors and Administrators.*

In an action for an account and settlement, the death of the defendant being suggested, his executor comes in and is made a party defendant and moves for leave to file an answer denying that he has assets; *Held*, that the question of assets does not arise here, and the motion cannot be allowed. If plaintiff obtains judgment, it only ascertains the debt which must share in the assets that may come into the executor's hands, according to its dignity, when the estate is settled.

(*Holmes* v. *Foster*, 78 N. C., 35, and cases cited, approved.)

CIVIL ACTION for account and settlement, tried at Spring Term, 1880, of NORTHAMPTON Superior Court, before *Gudger, J.*

*Messrs. R. B. Peebles* and *T. N. Hill,* for plaintiff.
*Messrs. Mullen & Moore, Day & Zollicoffer* and *J. B. Batchelor* for defendant.

MERRIMON, J. This appeal came into this court at October term, 1880, and has been here continuously ever since. See *Grant* v. *Bell*, 87 N. C., 34, and 90 N. C., 558.

At the present term it is made to appear to this court that the defendant has died since the last term, leaving a last will and testament; that the same has been duly proved, and that R. O. Edwards has qualified as executor thereof.

The death of the defendant is suggested and the executor comes and asks that he be made a party defendant in the place of his testator, and be allowed to file an answer, denying that he has assets, &c.

---

*SMITH, C. J., did not sit on the hearing of this case.

It appears from the record that the cause of action survives, and that the suit is not for the recovery of a penalty or damages merely vindictive. The case is a proper one in which to allow the executor to be made a party defendant, and the motion in this respect is allowed.

The proposed answer is not a proper pleading in this action. The question of assets or no assets does not arise in it. If the plaintiff shall obtain judgment for his debt, such judgment will only ascertain his debt, and it will share in the settlement of the estate, according to its dignity, in the assets that are or may come into the hands of the executor to pay the debts. THE CODE, § 1470; *Vaughan* v. *Stephenson*, 69 N. C., 212; *Dunn* v. *Barnes*, 73 N. C., 273; *Holmes* v. *Foster*, 78 N. C., 35.

So much of the executor's motion as asks to be allowed to file an answer must be denied. Let an order be drawn accordingly.

                                    Judgment accordingly.