GRANT v. EDWARDS.

*Legacy—Life-estate—Interest.*

1. Where a testator leaves two-thirds of his estate to a legatee for life, the value of such legacy is the value of a life-estate in two-thirds of the net amount of the estate, two years next after the qualification of the executor under the will.

2. Where a legatee, who is also executor, misapplies any of his testator's estate, it must be deducted from his legacy.

3. Where a testator gives to a legatee an estate for life in two-thirds of his estate, but nothing is paid to him, he is not entitled to interest on the amounts which should have been paid him each year.

After the opinion in the foregoing case was filed, a report was made by the Clerk of this Court, to whom it was referred, to which both parties filed exceptions.

MERRIMON, J.   The clerk has restated the account and made his report thereof, as directed by the order of reference entered at the present term in this case, and both the plaintiff and defendant have each filed numerous exceptions thereto, and these exceptions are submitted to the Court without argument.

Upon examination of the account stated, in connection with the exceptions, we find that the clerk in ascertaining the value of the life-estate of B. F. Lockhart, based his calculations, in some respects, upon improper *data.*  The report must, therefore, be recommitted for correction, as directed in this opinion.

The clerk first ascertained the net value of the estate of the plaintiff's testator on the 25th day of November, 1868, and adopted two-thirds of that sum as the sum of money in which B. F. Lockhart was entitled to a life-estate.   This was erroneous, because, as we have seen heretofore, he was entitled to a life-estate in two-thirds of the net value of the estate mentioned, at the end of two years next after the qualification of the executor of the will of the plaintiff's testator, which it appears was in June, 1865.   The net value of the estate at the latter date must be

ascertained, and the value of the life-estate in two-thirds of that sum allowed to the defendant as a credit, unless it shall appear that Lockhart had misapplied the assets of the estate, or moneys belonging to it, or owed it money on any account—in such case, any sum of money due from him to the estate, must be subtracted from the sum of money due on account of his life-estate, and the balance allowed to the defendant as a credit. The purpose of the account is to ascertain what sum of money was due to Lockhart. Hence, in *Grant* v. *Bell*, 90 N. C., 558, we said: "It is necessary to take an account of the estate of the testator named, only for the purpose of ascertaining what sum was due to Lockhart at the time of his death." This obviously means what sum was due to him, diminished by any sum he owed the estate on any account.

In the same opinion, in directing how the account should be taken, we said: "In ascertaining the amount due Lockhart, the referee will take into his account all debts and costs of administration properly paid by him, the costs of administration and all debts unpaid." This direction, taken in connection with our former opinions and directions in the case, plainly implied that the referee should first ascertain the gross value of the estate of the testator of the plaintiff, and secondly, its net value, by subtracting from the gross value thereof, all debts due from it, all costs of administration, including reasonable compensation to counsel, whether paid or incurred by Lockhart while he was executor, or by the present plaintiff, and by proper commissions to Lockhart for any collections or disbursements made by him as executor, and like commissions to the plaintiff for collections or disbursements made by him.

It seems to be conceded on both sides that the value of Lockhart's life-estate was equal to the interest on the fund in which he had such life-estate from the time it began until it ended. It is fair to allow that the interest was due, and ought to have been paid to him at the end of each year next after his life-estate began, but it was not so paid, nor paid at all, so far appears. The

clerk impressed, no doubt, with this idea, in restating the account allowed interest on the accrued and unpaid interest of each preceding year.

Such allowance of interest, though seemingly just and reasonable, is not so in fact, and cannot be allowed. There is nothing in the will that can be construed as allowing interest upon interest, or that goes to show a purpose to place Lockhart on a more favorable footing than the other objects of the testator's bounty.

If the enjoyment of his life-estate was postponed, so also was the enjoyment of the like estates to others. Why should he have interest upon interest and they not have it? If he should be allowed it, this must be done at the expense of others. The delay was his misfortune, in common with other interested beneficiaries under the will. It appears that the estate made but simple interest. The defendant has less ground of complaint at the adverse delay than others interested, because it is obvious that his testator and Lockhart, one or both, occasioned it.

The exceptions bear upon the points to which we have thus adverted. Those of the plaintiff must be sustained so far only as they suggest error, but, in so far as they suggest how the account should be restated they must be over-ruled.

In respect to the defendant's exceptions, we are unable to ascertain from the report, whether or not the clerk made the allowance mentioned and claimed in his first exception. If he did not, any such disbursement or payment made by Lockhart must be allowed, not with a view to ascertain the net value of his estate, but in ascertaining whether he owed the estate of his testator anything.

And, as to the second exception, we cannot learn from the report whether commissions, as claimed, were allowed or not. But if commissions were not allowed on account of Lockhart as to collections and disbursements made by him as executor, the same must be in restating the account, as we have already indicated.

The third, fourth, fifth and ninth exceptions are really only suggestions as to the manner of stating the account as claimed by the defendant, and must be disregarded.

Let an order be entered in accordance with this opinion, recommitting the report to the clerk.        It is so ordered.