LOUISE CANNADY BROWN v. ANNIE LAURIE GREEN, ADMINIS-
TRATRIX OF THE ESTATE OF WILLIE LOU CANNADY

No. 709SC403

(Filed 15 July 1970)

1. Executors and Administrators § 31— judgment against administratrix
— establishment of debt.

A judgment against an administratrix in her representative
capacity merely establishes the debt sued on and does not constitute a
lien upon the lands of decedent, nor does it fix the defendant with
assets or disturb the order of administration.

2. Execution § 1; Executors and Administrators § 18— judgment against
administratrix — failure to fix assets applicable to claim

Where judgment against an administratrix fixed no amount of
assets which the administratrix had applicable to the plaintiff's claim,
execution could not issue in any amount.   G.S. 28-142.

APPEAL by plaintiff from *Hobgood, J.,* 30 April 1970 Session
of VANCE Superior Court.

On 13 June 1969, plaintiff recovered judgment against the
defendant in the Superior Court of Vance County in the sum
of $13,500 and interest and costs. Defendant, in open court, gave
notice of appeal. On 16 July 1969, defendant filed a "stay of
proceedings bond". Defendant failed to perfect her appeal, and
on 30 January 1970, on motion of plaintiff, the appeal was
dismissed. On 20 February 1970, plaintiff moved that the
liability of the surety on the *supersedeas* bond be adjudged
absolute and subject to execution. On 6 May 1970, after a
hearing an order was entered denying plaintiff's motion, from
which plaintiff appeals.

*Vaughan S. Winborne for plaintiff appellant.*

*Sterling G. Gilliam and Frank Banzet for defendant ap-
pellee.*

MORRIS, J.

The judgment entered on 13 June 1969, on which plaintiff
relies, is as follows:

"JUDGMENT (Filed June 22, 1969)

THIS CAUSE coming on to be heard and being heard before
His Honor A. Pilston Godwin, Judge Presiding, and a jury
at the June Civil Session, Vance County Superior Court

Division, General Court of Justice, 1969, and the jury having answered the issues submitted to them as follows:

1.  Is the defendant, as Administratrix of the Estate of Willie Lou Cannady, indebted to the plaintiff?

ANSWER: Yes.

2.  If so, in what amount?

ANSWER: $13,500.00.

3.  Is the plaintiff indebted to the defendant Administratrix?

ANSWER: No.

4.  If so, in what amount?

ANSWER: _____

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.  That the plaintiff have and recover of the defendant, as Administratrix of the Estate of Willie Lou Cannady, the sum of THIRTEEN THOUSAND FIVE HUNDRED ($13,500.00) DOLLARS, with interest thereon from the 5th day of April, 1965, until paid.

2.  That the defendant recover nothing of the plaintiff.

3.  That the costs of this action be taxed by the Clerk against the defendant Administratrix.

This the 13th day of June, 1969.

A. PILSTON GODWIN, JR.
Judge Presiding".

The order entered by Judge Hobgood from which plaintiff appeals is as follows:

"ORDER DENYING MOTION (Filed May 6, 1970)

This cause coming on to be heard and being heard before the undersigned, Hamilton H. Hobgood, Resident Judge of the Ninth Judicial District, in chambers, upon the motion by the plaintiff to have the liability of the surety on the *supersedeas* bond given in this action upon appeal adjudged absolute and subject to execution; and the Court, after reviewing the pleadings, and upon the stipulation of counsel for the plaintiff and the defendant, finds as a fact that the total assets available to Annie Laurie Green, Administratrix of the Estate of Willie Lou Cannady, on June 13, 1969, the

date of the judgment in this cause, was $16,423.03; that the total assets available to Annie Laurie Green, Administratrix of the Estate of Willie Lou Cannady, on the date of this order amounted to $16,798.75 plus interest accrued on investments from April 1, 1970; the Court further finds as a fact that the plaintiff has suffered no damage by reason of the appeal or the bond to stay execution and the Court concludes as a matter of law that the liability of the surety is limited to the assets in the hands of the Administratrix and further concludes as a matter of law that the judgment entered in this cause on June 13, 1969 served to establish the claim of the plaintiff against the Estate of Willie Lou Cannady pursuant to the terms of G.S. 28-142.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the motion of the plaintiff, to have the liability of the surety, Joseph H. Green, upon the written undertaking to stay execution pending appeal to the North Carolina Court of Appeals adjudged absolute and subject to execution, is denied.

This 30th day of April, 1970.

HAMILTON H. HOBGOOD
Resident Judge of the Ninth
Judicial District".

We think the court's conclusion as a matter of law that the judgment served only to establish the claim of the plaintiff against the estate of Willie Lou Cannady pursuant to the terms of G.S. 28-142 is correct.

G.S. 28-142 provides:

"All judgments given by a judge or clerk of the superior court against a personal representative for any claim against his deceased *shall* declare —

(1)    The certain amount of the creditor's demand.

(2)    *The amount of assets which the personal representative has applicable to such demand.*

*Execution may issue only for this last sum with interest and costs."* (Emphasis supplied.)

[1]    The judgment does not constitute a lien upon the lands of the decedent, nor does it fix the defendant with assets, nor

disturb the order of administration. "It merely ascertains the debt sued on." *Tucker v. Almond,* 209 N.C. 333, 183 S.E. 407 (1936) ; *Dunn v. Barnes,* 73 N.C. 273 (1875).

G.S. 28-142 is unambiguous in its mandate that execution may issue only for the amount fixed in the judgment which the personal representative has applicable to the claim ascertained by the judgment. This provision is necessary and must be followed to preserve and adhere to the order of payment of debts prescribed by G.S. 28-105.

[2]    Here the judgment fixed no amount of assets which the defendant administratrix had applicable to the plaintiff's claim. It follows, therefore, execution could not issue in any amount. We do not discuss the legal effect of the *supersedeas* bond. Suffice it to say that the plaintiff's motion to have the liability of the surety on the *supersedeas* bond adjudged absolute and subject to execution was properly denied.

Affirmed.

MALLARD, C.J., and GRAHAM, J., concur.