Pearson, C.- J.
 

 On the argument Mr. Boyden took the position that, in this State,, when a legacy is given to the wife, she should be looked upon as a purchaser, and have priority over all other legatees. We do- not assent to this proposition-. A widow takes as an object of the testator’s-bounty, and stands on the same footing as other legatees.. There is no-sound reason why a legacy to her should not have the same incidents and qualities that the law attaches to legacies given to others, among which is the rule, that, specific legacies are preferred to general legacies, and general legacies are preferred to- residuary legacies ; ior, in a specific legacy the testator, in a measure, perfects the gift himself, by pointing out the identical subject; whereas, a general legacy is- only a direction lo the executor to pay a certain amount or deliver a certain quantity ; and a residuary legacy is, by its terms, confined to what is left, after all the other legacies are satisfied.
 

 
 *25
 
 Mr. Boyden assumed, in the first place,.that in-England and several of the States it is settled, that, when a legacy is given to a wife in lieu of dower, the widow is looked upon as a purchaser, and her legacy is perfect; to support this-position he cited several cases. In the second place, he insisted that, in this State, the statute, which requires a widow to dissent from-her husband’s-will, gives to the legacy the legal effect of being a
 
 “
 
 bar to dower,” and therefore drew the conclusion that the doctrine is applicable here, and that a widow who does not enter her-dissent is to be considered as a purchaser.
 

 In England and the States referred to the widow is entitled to dower of all lands of which the husband was seized at any time during coverture, so that after his death she may demand' dower of all who have purchased land’ from him. Hence it is necessary to resort to jointures and provisions by will in the nature of joiutures to
 
 “
 
 bar dower.” In this State dower attaches only to land of which the husband dies seized, and there is no necessity for jointures or legacies in lieu of dower. So that the same considerations .are not involved in the question as applied to England and to North-Carolina.
 

 We do not deem it necessary to express an opinion as to the soundness of this doctrine; and will only say that if the widow is to be looked upon as a purchaser, it can only be to the extent of the value of her dower. The excess of the value of the legacy is a now bounty, for it is idle to say, “ a testator may, if he sees proper, overreach himself, by offering a higher price for the dower than it is worth, and in this way deprive him of the merit of considering his wife, in any degree, the object his bounty, and hold him up merely in the light of one who is driving a bargain on his death-bed ! Admitting, for the sake of argument, the first branch of the proposition, we are fully satisfied that the second branch of it is not true.
 

 
 *26
 
 A widow who takes
 
 under
 
 a will is not allowed to claim dower in land, which is disposed of by the will. This rule is not the effect of the statute In reference to dissents by widows, nor does it rest on the idea of creating a bar to dower, but it is raised upon the equitable doctrine of election, which forbids one who claims
 
 under
 
 a will from setting up a claim
 
 against
 
 it, so as to disappoint the intention of the testa
 
 tor.
 
 This doctrine applies as well to all other legatees as to the widow. For instance, if a testator gives one of his own horses to A, and gives a horse belonging to A to B, A shall not have both horses, but is put to his election ; so if a testator gives a legacy to his wife, and devises land in which the wife is entitled to dower to B, the wife shall not take her legacy and be also allowed to claim dower, and disappoint the intention of the testator in respect to the devise to B, but is put to her election ; and the effect of the statute is simply to require her to make her election in reasonable time, and to give to her neglect to do so the effect •of .an election to claim under the will; so that her right of election may not delay the settlement of the estate. The fact that this doctrine of election is confined to property disposed of by the will, and that in any land not disposed of the widow is still entitled to dower, and that she is also entitled to a distributive share of any part of the personal estate of which the husband dies intestate, clearly upsets the idea that the legacy is given as a bar
 
 to
 
 dower, and makes the supposed doctrine in England and some of the States altogether inapplicable. To this cause we ascribe the fact that it has never before been contended in our courts, so far as we are aware, that a legacy to a widow Is to be looked upon as a purchase, and to be secured to her in preference to all other legacies, and, in fact, to the extent of the value of her dower, in preference to creditors ; for the reasoning would carry the conclusion that far — inasmuch as dower was not liable for the payment of debts.
 
 *27
 
 And under this principle we find that the statute, which secures to the widow the equity of subrogation, provides that land devised to the widow shall be exempt from liability to creditors, in the same way that her dower would have been
 
 to the extent of the value of the dower.
 

 We do not concur in the position taken by Mr. Moore on 1 the part of the defendants, that this $20,000 legacy is so far specific as to be confined for its payment to the subjects pointed out by the testator, and must fail to the extent that these sources of payment have failed. We think that, by the proper construction of the will, this is a general pecuniary Jegacy, with reference to a fund for its payment in the first instance, but that the legacy is not to fail to the extent that the fund fails — in other words, the legacy is not confined to the fund indicated by the testator as the source out of which he expected and wished the money could be raised, but on failure of the fund, either wholly or in part, it is to be paid out of any part of the estate to which the law does not give other legatees the preference.
 
 Graham
 
 v.
 
 Graham,
 
 Bus. Eq., 291.
 
 “
 
 This is a legacy of quantity (in our case,
 
 mf number,)
 
 in the nature of a specific legacy, as, of so much money with referep.ee to a particular fund for its payment. This kind of legacy is so far general, and differs so much in 'effect from a specific one, that if the fund be called in or fail, the legatee will not be deprived of his legacy, but be permitted to receive it out of the general assets.” This passage from Eoper on Legacies, 1 Yol. 149, 150, fits our case precisely, and is adopted by the court.
 

 We have seen that specific legacies have a preference over general legacies. The case of
 
 Biddle
 
 v
 
 Carraway,
 
 6 Jones’ Eq., 95, cited by the plaintiff’s counsel, where it is held that a general legacy was so charged on the estate as to give it preference over specific legacies, was decided on it's peculiar circumstances, and is not applicable to our case.
 

 Treating this as a general pecuniary legacy, it has pre
 
 *28
 
 -ference over the residuary legacy given to the two children, and in aid of the fund referred to in the first instance-, every part of the estate not given- specifically must he applied to pay off this legacy and the other small pecuniary legacies, which stand on the same footing. Of course this remark does not apply to the real estate.
 

 There will he a decree according to- this opinion, and a reference for an account.
 

 Per Curiam.
 

 Decree accordingly.