CURTIS H. BROGDEN v. JAMES L. HENRY.

*Frivolous Pleading—Principal and Surety.*

1. A frivolous answer is one which is manifestly impertinent as alleging matters which, if true, do not affect the right to recover.

2. Such is not an answer which raises the question of the liability of a surety to a sealed instrument after three years from the time when the right of action thereon accrued.

(*Erwin* v. *Lowery*, 64 N. C., 321, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of BUNCOMBE Superior Court, before *Schenck, J.*

The action was brought upon a single bill of which the following is a copy:

RALEIGH, N. C., January 31st, 1876

$500—Ninety days after date, with interest from date, we, H. G. Candler principal, and J. L. Henry surety, promise to pay C. H. Brogden or order five hundred dollars, value received in borrowed money.

(Signed)                              H. G. CANDLER, (Seal.)

                                      J. L. HENRY, (Seal.)

Candler made no defence, and judgment was taken against him for the want of an answer. The defendant, Henry, filed an answer and put his defence upon the statute of limitations, viz: that the cause of action stated in the

complaint did not accrue as to him within three years before the commencement of the action. The plaintiff's counsel moved to strike out the defendant's answer as irrelevant and frivolous, and for judgment. But the court held that the answer was not irrelevant or frivolous and refused to strike out and grant judgment, from which ruling the plaintiff appealed.

*Mr. Jas. H. Merrimon,* for plaintiff.
*Messrs. Gilliam & Gatling,* for defendant.

ASHE, J. We entirely concur in the ruling of His Honor. The answer of Henry was neither irrelevant nor frivolous. A frivolous answer in the Code is one which is manifestly impertinent as alleging matters which, if true or not, do not affect the plaintiff's right to recover. " When the answer is put in in good faith and is not manifestly impertinent, the defendant is entitled to have the facts either admitted by a demurrer or passed upon by a jury. *Erwin* v. *Lowery,* 64 N. C., 321. We have no reason to suppose the answer in the case was not filed in good faith, for it raises a very serious and important question, one that has been decided at this term in support of the answer of the defendant. See *Welfare* v. *Thompson,* at this term.

While we hold the ruling of the judge in refusing to strike out the answer of the defendant and grant judgment was not erroneous, we think it very questionable whether the plaintiff had the right of appeal.

Let this be certified, &c.

No error. Affirmed.