W. H. HURST, Ex'r v. W. M. ADDINGTON and another.

*Executors and Administrators—Pleading.*

A demurrer to a complaint, in an action brought by an executor, upon the ground that it does not show the probate of the will and qualification of the executor *before suit brought*, is frivolous and will not be sustained. The allegation that probate and qualification were had in the probate court (which has jurisdiction of the same) *before filing the complaint*, is sufficient.

(*Swepson* v. *Harvey*, 66 N. C., 436; *Boyden* v. *Henry*, 83 N. C., 274; *Daniel* v. *Harper*, *Ib.* 4, cited and approved.)

CIVIL ACTION tried upon complaint and demurrer at Fall Term, 1880, of BUNCOMBE Superior Court, before *Gilmer, J.*

The complaint is as follows: 1. That on the 12th of February, 1878, E. Morrow died leaving a last will and testament in which the plaintiff was appointed sole executor, and that said will was duly proved and admitted to probate according to law, and letters testamentary were thereafter issued and granted to the plaintiff as sole executor by the probate judge of Buncombe county, and the plaintiff thereupon qualified as such executor and entered upon the discharge of his said office.

2. That on the 18th of April, 1876, the defendant executed to said Morrow a promissory note of which the following is a copy: Twelve months after date, we W. M. Addington, as principal, and J. L. Robinson, as surety, promise to pay to Ebenezer Morrow or order five hundred and sixty-nine dollars and seventy-six cents for value received, with interest from date at eight per cent. per annum. (Dated April 18th, 1876, and signed and sealed by said principal and surety). Upon which note is the following credit: Received on the within note forty-five dollars and ninety-two cents, Aug. 2, 1880.

3. That the balance of said note is still due and unpaid by the defendants; wherefore the plaintiff demands judgment, first, for five hundred and sixty-nine dollars and seventy-six cents and interest according to law, and secondly, for costs of action.

To which complaint, the defendants jointly demurred and assigned for cause thereof, "that the complaint does not state facts sufficient to constitute a cause of action, in that, "it does not state that the will of E. Morrow was admitted to probate and the plaintiff qualified as executor of said will prior to the bringing of this action; and further, the plaintiff does not show that the judge of probate of Buncombe county had jurisdiction to admit said will to probate; therefore the defendants demand that the action be quashed, and that they recover their costs."

The demurrer was overruled by the court, and the following judgment rendered: The plaintiff by his counsel moves for judgment on his complaint upon the ground that the demurrer is frivolous, and the motion having been argued by counsel and considered by the court, the court is of opinion that the demurrer is frivolous; and it was therefore adjudged that the plaintiff recover of the defendants the amount of said note with interest at eight per cent. and costs of action, from which judgment the defendants appealed.

*Messrs. M. E. Carter* and *Reade, Busbee & Busbee,* for plaintiff.
*Mr. Jas. H. Merrimon,* for defendants.

ASHE, J.    We concur with His Honor in the court below, that the demurrer was frivolous and should have been stricken out or disregarded, and judgment rendered for the plaintiff.

In the case of *Swepson* v. *Harvey,* 66 N. C., 436, it was held that if the defences set up in the answer are worthy of con-

sideration, they cannot be declared frivolous; and in such case the plaintiff should either reply or demur, and if the demurrer be overruled, it became the duty of the judge to allow him to plead over, unless it is manifest that such demurrer is frivolous and does not raise any question of law worthy of serious consideration, and is interposed merely for delay. And again, a frivolous answer has been defined to be one which is manifestly impertinent, as alleging matters which if true do not affect the right to recover. *Brogden* v. *Henry*, 83 N. C., 274; *Dail* v. *Harper, Ib.*, 4.

Applying the principles enunciated in these cases to our case, we must concur with the judge below that the demurrer is frivolous. We cannot see how it affects the recovery of the plaintiff, and it does seem to have been filed merely for the purpose of delay. The complaint sufficiently shows that the will was proved and the executor qualified before the filing of the complaint; these facts are stated in the complaint, and it is perfectly immaterial whether the probate was had before or after the issuing of the summons, so it was done before the filing of the complaint, for it is common learning that an executor may commence an action before he has proved the will, but cannot declare before probate. Toller on Executors, 46; 1 Williams on Executors, 260. That ground of demurrer then cannot be sustained.

And the other ground is equally without foundation. The court of probate of Buncombe county has jurisdiction of the probate of wills. It has taken jurisdiction in this case and has adjudicated upon the matter. Its action must be presumed to be correct, and its judgment like that of any other court of competent jurisdiction must stand until set aside or shown to be void.

There is no error. The judgment of the court below is affirmed.

No error. Affirmed.