H. ATKINSON and wife v. D. McINTYRE and others.

*Pleading—Answer—Tenants in Common—Boundaries of land.*

An answer to a petition for division of land, which alleges that the boundaries
of the land described in a deed set out in the complaint are not sufficient to
locate any land, and that therefore no title passed by the deed to the peti-
tioners as tenants in common, is frivolous and will be disregarded.

SPECIAL PROCEEDING for partition of land commenced before
the clerk and heard at Spring Term, 1883, of ROBESON Supe-
rior Court, before *MacRae, J.*

The petition alleged that in 1851 one John O. Daniels con-
veyed the land in question to Demaris Thompson, Oliver Thomp-
son, Absla Thompson, James Thompson and Charity Thomp-
son; that Oliver died without issue; that Absla intermarried
with the other plaintiff, Hybert Atkinson, and Demaris inter-
married with Dugald C. McIntyre, who died, leaving the
defendant in this case his heir-at-law; that James Thompson
sold his interest in the land to said Dugald C. McIntyre; and
Charity, who married W. J. Smith, sold her interest also to the
said Dugald C. McIntyre, her husband joining in the deed.
The land so conveyed, of which a partition was sought, was
bounded as follows, to-wit:

Beginning at a stake in Charles Thompson's line, upper one
hundred acre tract, and runs with that line No. 80 east 27
chains to a small pine: then along his other line, No. 12 west,
25 chains, to a stake by three pines, then So. 61 east 1 chain to
a stake, two pines and a sweet gum, then So. 40 west 24 chains
to a stake in said Thompson's line of a one hundred acre tract,
then No. 30 west 17 chains to the other corner, then So. 65
west 44 chains and 75 links to his other corner, and then No. 30
west 27 chains to the beginning.

The defendants, in their answer, admit that John O. Daniels
conveyed the land as described in the petition to Demaris

Thompson, Oliver Thompson, James Thompson, Absla Thompson and Charity Thompson ; that Oliver died without issue, and that James Thompson and William J. Smith and wife, Charity, sold and conveyed their interest in the land to Dugald C. McIntyre, and that he is dead, leaving the defendants his heirs-at-law; and that the parties intermarried as alleged.

But they say " that it is impossible to ascertain or find the corners or boundaries mentioned in said deed, or to locate any land by the description therein, as the defendants are informed and believe, and that *therefore* the said deed did not operate to convey any title to any lands to the grantees therein named as tenants in common or otherwise," and for the same reason they are not tenants in common with the plaintiffs.

The clerk of the superior court granted the prayer of the petition, and ordered that a writ of partition issue, from which judgment the defendants appealed to the superior court in term.

At the spring term, 1883, of said court, the case coming on to be heard before His Honor, it was adjudged that the appeal be dismissed, that the judgment of the clerk be affirmed, with costs against the defendants, and that the case be remanded to the clerk of the superior court to be proceeded with in accordance with law. From this judgment the defendants appealed to this court.

*Messrs. Rowland & McLean,* for plaintiffs.
*Messrs. Frank McNeill* and *T. A. McNeill,* for defendants.

ASHE, J. The answer of the defendants does not set up any substantial defense to the petition. It is evasive and disingenuous. While they admit that land, such as that described in the petition, was conveyed to the grantees mentioned therein, and that their father purchased two-fifths of said land, yet they insist that no title passed by any of these conveyances in consequence of an uncertainty in the location of the land. From the character of the answer, we are strongly impressed with the suspicion

that the defendants, or some of them, are in possession of the very land under a title derived from their father, Dugald C. McIntyre, and his wife Demaris, and in order to keep out the plaintiffs from the rightful enjoyment of their interest in common with them, they have been driven to the flimsy, elusive and frivolous defense set up in their answer.

There is no error. The judgment of the superior court must be affirmed. Let this be certified to the superior court of Robeson county, that the case may be remanded to the clerk of that court, that the frivolous answer of the defendants may be disregarded, and the case proceeded with according to law. The plaintiffs are entitled to their costs in this court.

No error.                                         Affirmed.