H. WEIL & BRO. v. THOS. W. UZZELL AND WIFE.

*Frivolous Answer—Estoppel—Homestead—Mortgage.*

1. In an action to foreclose a mortgage, the defendants in their answer admitted the execution of the note and mortgage, and the amount due thereon, but alleged as a defence, 1st. That the land had been sold under judgments docketed prior to the execution of the mortgage, and that they had acquired a life-estate in the land from the purchaser at execution sale. 2d. That the defendants own no other real estate from which they can get a homestead; and, 3d. That when the mortgage was executed, they delivered to the mortgagee other securities as additional security for the debt ; *Held,* that the answer raises no material issue, either of law or fact, and is frivolous.

2. *Held further,* that the mortgagors will not be estopped by the decree of foreclosure from setting up the title acquired by them from the purchaser at the execution sale, in an action against them for the possession of the land by a purchaser at a sale by the mortgagee.

3. *It seems* that under some circumstances a mortgagee may be required to sell a part of the mortgaged land sufficient to satisfy his debt, in order that the mortgagor may have a homestead allotted in the residue.

(*Howell* v. *Ferguson,* 87 N. C., 113 ; *Atkinson* v. *McIntyre,* 90 N. C., 147, cited and approved ; *Johnson* v. *Farlow,* 13 Ired., 84 ; *Eddleman* v. *Carpenter,* 7 Jones, 616 ; *Frey* v. *Ramsour,* 66 N. C., 466, cited and distinguished).

CIVIL ACTION to foreclose a mortgage, heard before *Avery, Judge,* at Fall Term, 1884, of WAYNE Superior Court.

The plaintiffs alleged in their complaint that the defendant T. W. Uzzell executed his note to them for the sum of seven hundred and eighty-five and $\frac{57}{100}$ dollars, and to secure the payment of the same, the said T. W. Uzzell and Bettie A., his wife, made and executed a mortgage upon certain land, definitely described in the complaint, and that no part of the note has been paid, although overdue.

The answer admitted the allegations in the complaint, and set up the following matters as a defence :

1. That at the time the defendants executed the above mortgage specified in the complaint, there were judgments against Thomas W. Uzzell docketed in the Superior Court of Wayne county, which were prior liens on the tract of land described in

the pleadings, and the said land was the individual property of the defendant Thomas W. Uzzell.

2. That executions issued on said judgments, and the land described in the plaintiffs' mortgage was sold according to law, and John W. Isler became the purchaser.

3. That John W. Isler conveyed the said land specified in the said mortgage to Thomas W. Uzzell and Bettie A. Uzzell his wife, for their lives, remainder to the children of the defendants. A copy of said deed is registered in the register's office of Wayne county, to which reference may be had.

4. That the defendant owns no other real estate from which he can obtain a homestead.

5. That at the time of execution ·of the said mortgage specified in the complaint, the defendant Thomas W. Uzzell delivered and pledged, as collateral security, a mortgage on sixty acres of land, which was owned by Abraham Uzzell and McRae Uzzell, for about six or seven hundred dollars, also one mule and one horse and other personal property.

1. Wherefore the defendants ask the Court to compel the plaintiffs to obtain satisfaction of the debt specified in the complaint from the collateral securities above mentioned.

2. That the plaintiffs be perpetually enjoined from selling any of the tract of land specified in the mortgage from the defendants to the plaintiffs, described in the third article of the plaintiffs' complaint.

3. That the plaintiffs be perpetually enjoined from selling any interest in the above lands except the estate of Thomas W. Uzzell and wife Bettie A. Uzzell.

The Court adjudged the answer frivolous and ordered the land mortgaged by the defendants to the plaintiffs to be sold, from which judgment the defendants appealed.

*Messrs. Fuller & Snow* and *E. C. Smith,* for the plaintiffs.
*Messrs. S. W. Isler* and *G. V. Strong,* for the defendants.

MERRIMON, J.  A frivolous answer is one that raises no issue or question of fact or law pertinent and material in the action. *Howell* v. *Ferguson*, 87 N. C., 113; *Atkinson* v. *McIntyre*, 90 N. C., 147.

Applying this rule of law, we concur with the Court below in the opinion that the answer of the defendants was frivolous. It confesses the complaint, and alleges immaterial and irrelevant matters as defences, that in no way modify or affect the plaintiffs' rights to the remedy and the particular relief they seek.

The defendants admit the execution of the note and mortgage and their validity in all respects, and they do not insist that any part of the debt has been paid.

If it be true, as alleged in the answer, that there were docketed judgments that constituted a lien upon the land at the time of and before the execution of the mortgage, still it passed whatever interest the defendants had in the land, subject to the prior liens of the judgments. . If the land was sold to satisfy such judgments, and this required all the proceeds of the sale, the plaintiffs would get nothing by the mortgage, and a sale under it would pass nothing.  But the defendants cannot be allowed to say they mortgaged nothing.  The plaintiffs are entitled to have the benefit of whatever interest the mortgage deed passed to them, whether that be much or little.

No question in respect to the defendants' right to homestead in the land was presented by the answer.  The mortgage deed conveyed that to the plaintiffs.

If it turns out that the purchaser at the sheriff's sale got a good title to the land, and that he afterwards conveyed such title to the defendants for life, as they allege, the sale under the mortgage cannot disturb them as to that, because, in that case, their present title would be acquired subsequent to, and without regard or reference to the mortgage.  If the purchase at the sheriff's sale was *bona fide*, then the defendants have a new estate, unaffected by the mortgage.  The scope and purpose of the action is to foreclose the mortgage and to sell such interest in the land

as passed by the mortgage deed and no more. The decree of foreclosure and sale cannot have a broader scope or effect, nor does it purport to have. If the defendants got a good title from John W. Isler as they allege, the decree in this action would not estop them from asserting it whenever it might become necessary to do so. The mortgage deed passed the title to the land to the mortgagors subject to the liens of the judgments, and the case is therefore different from that class of cases where the mortgage or other deeds pass no title. *Johnson* v. *Farlow*, 13 Ired., 84; *Eddleman* v. *Carpenter*, 7 Jones, 616; *Frey* v. *Ramsour*, 66 N. C., 466.

The defendants ask that the plaintiffs be required to sell certain "collateral" securities which they hold to secure the mortgage debt in addition to the mortgage, to the end that they may have homestead in the land. This is scarcely sincere. They first contend, that in effect the mortgage deed passed nothing substantial to the mortgagees, and yet they ask that the sale be postponed. Wherefore? How can they have homestead in an equity of redemption, when according to their own allegation, the whole of the mortgaged property was sold to discharge prior liens?

But if there were a substantial equity of redemption, and if, possibly, in some cases, the mortgagee might be required to sell a part of the mortgaged land sufficient to pay his debt, to the end the mortgagor might have homestead laid off and allotted to him in other convenient parts of it, the answer of the defendants raises no such question. They do not allege that the whole of the mortgaged property, including the "collateral" securities, will be sufficient to pay the mortgage debt. The answer contains no allegation or suggestion as to the value of the property. In that respect it is silent.

There is no error. Let this opinion be certified to the Superior Court, to the end that that court may take further appropriate steps in the action.

No error.                                    Affirmed.