R. WALTERS & SONS v. JESSE R. STARNES.

*Action on   Note—Practice—Frivolous   Answer—Premature   Appeal from   Refusal   to   Strike   Out.*

1. An appeal does not lie from a refusal to strike out an answer as
   frivolous.
2. Where an answer in an action on a note alleged that defendant
   had transferred to plaintiffs a fire-insurance policy to enable
   them to collect and apply the proceeds to payment of the
   note, but that plaintiffs by their delay and negligence permitted other creditors to attach and appropriate the amount
   due on the policies ; *Held*, that the answer presents no serious defense and is frivolous. (AVERY, J., *dissents*.)

CIVIL ACTION, upon motion of plaintiffs to strike out defendant's answer as frivolous and for judgment heard before *Robinson, J.*, at December Term, 1895, of BUNCOMBE Superior Court.

·*Mr. James H. Merrimon*, for plaintiffs (appellants).

No counsel, *contra*.

CLARK, J.: On the refusal of the court to hold the answer frivolous no appeal lay, but the plaintiffs should have had their exception noted in the record ; and, if they should lose the case at the trial term, this exception would then come up, or they could likewise raise it at that term, after an adverse verdict, by a motion *non obstante veredicto*. *Cui bono* appeal, when the injury to the plaintiffs is merely a delay till the next term, and that delay cannot be avoided but may be increased by an appeal ? To refuse to hold an answer or demurrer frivolous, if it is clearly such, is error, of course, and subject to review, but the injury is one which can be cured by an appeal from the final judgment, and therefore no appeal lies in this frag-

mentary manner. Indeed, this is somewhat like the erroneous granting of a continuance from which no appeal lies because the judgment on appeal cannot cure the wrong which is the postponement of the judgment. Cases cited in Clark's Code, p. 561 ; *Piedmont Wagon Co.* v. *Bostic*, at this Term. It is argued, however, that it would save the expense of a trial on the merits, if an appeal is allowed in such cases and the court on the appeal should hold the answer or demurrer frivolous. This point might have weight if, on such appeal, the answer or demurrer would necessarily be held frivolous, but the presumption on the contrary is in favor of the correctness of the ruling below. Exactly the same argument was used to sustain the proposition that an appeal should lie from the refusal to dismiss an action, but this Court has uniformly and repeatedly held that no appeal lies from a refusal to dismiss. See cases collected in Clark's Code, pp. 559, 560, and supplement to same pp. 83, 83. To permit such fragmentary appeals would overwhelm this Court with business properly belonging in the superior court, would protract litigation, and would bring up many appeals which would become unnecessary by the final result being in favor of the party who might desire to bring up the interlocutory judgment for review.

Besides, the very point herein presented has been already virtually decided three times in this Court. In *Hull* v. *Carter*, 83 N. C., 249, DILLARD, J., in speaking of the " right to appeal from the refusal of the court below to hold an answer frivolous, " (though it was not necessary to pass upon the point directly, as the answer was held not frivolous,) says the Court has " a strong impression that such refusal is not appealable." This intimation was cited and approved in *Turlington* v. *Williams*, 84 N. C., 125. To the same purport is the intimation of ASHE, J., in *Brog-*

*den* v. *Henry*, 83 N. C., 274. These cases seem to have been taken as settling the law, as no appeal until the present has since come up ques·ioning the correctness of the ruling in those cases.

Though, for the reasons given, the appeal must be dismissed, the Court may pass on the point presented, as it has sometimes (though rarely) done if circumstances justify it. *Hinton* v. *Ins. Co.*, 116 N. C., 22, citing *Milling Co.* v. *Finlay*, 110 N. C., 411; *State* v. *Wylde, Ibid.*, 500. In the present case the answer admits the indebtedness sued on, but alleges that the defendant turned over to the plaintiffs an insurance policy on a stock of goods which had been destroyed by fire, to collect and pay the indebtness due plaintiffs, and that the plaintiffs so negligently delayed to collect that the amount due on the policy was attached by another creditor of the defendant and applied to a debt due such other creditor by the defendant. This presents no serious defense, and the answer should properly have been held frivolous under *The Code*, Sec. 388. *Weil* v. *Uzzell*, 92 N. C., 515; *Bell* v. *Howerton*, 111 N. C., 69. Because in this case there was error in refusing to hold the answer frivolous is no reason, however, to depart from the settled practice that an appeal does not lie from such refusal.

Appeal dismissed·

AVERY, J., dissents.