W. W. VASS, Executor of W. W. Vass v. JOHN B. BREWER et al.

(Decided March 15, 1898).

*Action    on    Note — Endorser — Practice — Frivolous Answer.*

1. A frivolous answer is one that raises no issue or question of fact or law pertinent or material in the action.

2. Where the endorser of a note was sued thereon and in his answer, not denying the execution of the note or his endorsement, averred that in another action in the same Court, to which plaintiff was not a party, a referee had reported that defendant was liable for the same debt as endorser and that certain property involved in such other action should be applied before judgment was granted on his complaint; *Held*, that such answer was frivolous and the plaintiff was entitled to judgment on his verified complaint.

Civil action heard before *Robinson, J.*, at October Term, 1897, of Wake Superior Court, on a motion for judgment upon the ground that the answer was frivolous.

The action was brought upon a note executed to plaintiff's testator by J. N. Holding and endorsed by the defendant Brewer.

The answer was as follows:

"The defendant, J. B. Brewer, answering the complaint herein, says:

1.    That in an action now pending in this Court entitled C. H. Belvin, Cashier, vs. The Raleigh Paper Company, et al., an order of reference was duly entered at April Term, 1897, to A. C. Zollicoffer, Esq., as referee, who has at this October Term, 1897, of said Court filed his report by which he adjudges, among other things, that the defendant J. B. Brewer is liable for the payment of said $3,000 as endorser and guarantor; that the said deed of trust mentioned in paragraph 6 of the complaint constitutes a first lien on certain property mentioned in said report and an inferior lien on certain other property therein mentioned, and that said plaintiff is entitled to have all of said property sold and the proceeds applied in accordance with said priorities, and, if there should remain any deficiency, said Vass is then entitled to judgment and execution against this defendant to the extent of said $3,000 and interest; all of which will appear by reference to said report, to which no exceptions have yet been filed; and defendant pleads the said action, which involves the subject matter of this action as a bar to this action.

And for further answer:

2.    That defendant is an endorser or surety and a guarantor as set forth in the complaint, and is entitled

to have the property conveyed in said deed of trust exhausted before any judgment is rendered against him by reason of his said endorsement and guaranty; and that while defendant does not deny the insolvency of said Paper Company and of said Holding, yet defendant alleges that, as he is informed, enough of the property of said Paper Company, the principal debtor, can and will be made available for the satisfaction of plaintiff's claim under the said report and judgment thereon, so as to exonerate and save harmless this defendant from any liability as such endorser or guarantor. That the complaint does not set out said deed of trust in full, and defendant refers to the same as part of this answer. Said deed of trust is registered in the office of the Register of Deeds of said County in Book —, page —."

The plaintiff moved for judgment upon the ground that the answer filed by the defendant, J. B. Brewer, was frivolous. The defendant Brewer moved that the Raleigh Paper Company be made a party to the action. Motion overruled. Exception by defendant Brewer.

The defendant Brewer also moved that the action be dismissed because the complaint did not state facts sufficient to constitute a cause of action, in that the complaint did not allege that the semi-annual installments of interest on the notes mentioned in the complaint had not been paid. Motion everruled. Defendant Brewer excepted.

His Honor granted judgment as prayed by the plaintiff and defendant Brewer excepted and appealed.

*Mr. Spier Whitaker*, for plaintiff.
*Messrs. Shepherd & Busbee*, for defendant (appellant).

FAIRCLOTH, C. J.: This action is on a note payable to plaintiff's testator and endorsed by the defendant Brewer. The defendant, not denying the execution of the note nor his endorsement thereon, answering, says that in another action in the same Court (*Belvin* v. *The Raleigh Paper Co.*, to which the plaintiff is not a party) a referee has reported that defendant is liable for the same debt as endorser, and that certain property involved in the Belvin suit should be applied before plaintiff is entitled to judgment in this action. Whether the referee's report will be confirmed or not and whether any judgment will be rendered thereon does not appear, nor is it so alleged, and, whether the matter pleaded is true or not, it does not concern the plaintiff, who is not a party thereto. The plaintiff's cause of action is admitted and the special plea does not raise a material issue and the answer was properly held to be frivolous.

A frivolous answer is one that raises no issue or question of fact or law pertinent or material in the action. *Weil* v. *Uzzell*, 92 N. C., 515. The answer being of no effect the motions of defendant cannot be allowed and plaintiff was entitled to judgment on his verified complaint. *Code*, 388.

Affirmed.