ELIZABETH ABBOTT and THOMAS H. ABBOTT, by his next friend, Elizabeth Abbott, v. ROBERT HANCOCK.

(Decided October 18, 1898 )

*Demurrer—Appeal.*

No appeal lies from a refusal of the trial judge to hold a demurrer frivolous.

THIS IS THE plaintiffs' appeal from the judgment of his Honor, *Brown, J.*, refusing to decide that the demurrer filed was frivolous and to render judgment by default against the defendant.

The facts are stated and are the same as appear in the defendants' appeal at the present term.

The counsel on both sides are also the same.

*Messrs. W. W. Clark, O. H. Guion, W. D. McIver* and *D. L. Ward*, for appellant.
*Messrs. Simmons, Pou & Ward*, for appellee.

CLARK, J.:   The demurrer having been overruled the defendant appealed as he had a right to do.   *Ramsey* v. *Railroad*, 91 N. C., 418.   The plaintiff also appeals because the Judge refused to go further and hold the de-

murrer frivolous. *Code*, Sections 247 and 388. This has been held not appealable. *Walters* v. *Starnes*, 118 N. C., 842. This is so as to refusing to strike out a frivolous or sham answer, because if the. defendant should get the verdict the plaintiff can raise the same point by motion for judgment *non obstante veredicto*, .and more delay would be incurred ordinarily by the appeal than by going to trial, and it is true as to a frivolous demurrer, because even if the Judge should hold it frivolous the plaintiff would not as a right be entitled to judgment, and the Court in its discretion might permit the defendant to answer over. *Dunn* v. *Barnes*. 73 N. C., 273. It is different as to a motion for judgment for want of an answer, as that is a substantial right which can only be asserted by an immediate appeal. *Kruger* v. *Bank*, at this term, and cases there cited.

Appeal dismissed.