T. M. DELOZIER *et al.* v. R. L. & J. BIRD.

(Decided December 19, 1899.)

*Receiver of Rents and Profits—Possession.*

Where a receiver of rents and profits has been appointed by the Court, he stands in the shoes of landlord, and by pernancy of the rents is constructively in possession, and any disturber of that possession will be in contempt.

PETITION TO REHEAR.    Case reported in 123 N. C., 689. Petition dismissed.

*Mr. F. C. Fisher,* for petitioner.
*Messrs. Davidson & Jones, A. M. Fry,* and *R. L. Leatherwood, contra.*

CLARK, J.    This is a rehearing of the case reported in 123 N. C., 689, restricted to one point.    The Court below found as facts:

1. That the lands were in possession of the receiver appointed by the Court, as shown by the order appointing said receiver.

2. That the plaintiff and other respondents entered on the premises in the night time and took possession of said property, so in custody and control of the court, and hold possession of the same by force and in defiance of the orders of the Court; and further, that they tore down the dwelling house which was on said land, and removed the same from the premises, and committed other injury and spoil upon said property.

Whereupon they were attached for contempt and ordered to "restore said house to the said property in the same plight and condition that it was before the wrongful and unlawful tearing down the same, and that they immediately turn over and deliver possession of said property to defendant in the action to be held by him subject to, and under the orders of, a receiver theretofore appointed," with an order committing respondents to jail till they comply, but providing that upon such compliance being made to appear to any Judge riding the district, after notice to the defendant, the attachment may be dissolved.

This was an action of ejectment, and the receiver had been appointed on the motion of the plaintiff. The order makes it the duty of the receiver to collect from the defendant one-third of the crops growing or which shall be grown upon the land during the litigation, to superintend the gathering and measuring of said crops, and to sell the said one-third thereof and hold the proceeds subject to the order of the Court. The plaintiff and the other respondents contend, and correctly, that the first finding of fact that the lands were in the possession of the receiver "as shown by the order appointing him," is really a conclusion of law, and reviewable, for it depends upon the legal effect of that order. But it would seem there was no error in the legal construction of the order, for in 5 Thomps. on Corp., sec. 6928, *note,* it is said: "Where a receiver of rents and profits has been appointed, and tenants have attorned to him, or have accounted to him, for a share of the crops, etc., belonging to the landlord, and thereafter a sheriff levies execution thereon, he will be in contempt for thus attempting to disturb the constructive possession of the receiver." Citing *Bank v. Schermerhorn,* 9 Paige (N. Y.), 372. The reason seems to be that the receiver being placed in pernancy of the rents is in the shoes of a landlord, and there-

fore constructively in possession, and any interference with the possession of the tenant (which is *sub modo*), interferes with the control of the landlord, or of the receiver of the court, who stands in the stead of the landlord.    In *Crow v. Wood,* 13 Beavan, 271, it is said that the appointment of a receiver of "the income of property (whatever that might be)" would not put the receiver in possession of the realty, but that it would be otherwise if the receiver was ordered to receive the rents of the estate out of which they were issuing.    Besides, in the present case, the Judge finds the fact that the respondents "hold possession of the property by force, and in defiance of the orders of this court."    This certainly is an explicit finding of fact, and we are bound by it.    Nor was there any error in ordering the plaintiff in ejectment who had taken possession of realty, pending litigation, to restore it to the defendant, or to the receiver.    *Horton v. White,* 84 N. C., 297.

Petition dismissed.