## MORGAN v. HARRIS.

(Filed May 16, 1906).

### *Pleadings—Frivolous Demurrer—Right to Answer.*

1. Under Revisal, section 512, the court in its discretion, upon motion for judgment for want of an answer, may permit the defendant to answer or demur.

2. In an action to set aside a deed for fraud, a demurrer upon the ground that, as the plaintiff had only a life estate by reason of the "testamentary deed" to her daughters and the conveyance to defendants complained of provided that the "grantees shall not be in full and lawful possession till her death," the plaintiff had no cause of action, is frivolous, where the "testamentary deed" was not absolute, but was subject to revocation upon certain conditions (if valid at all), and had neither been delivered nor recorded.

3. A frivolous demurrer is one "which raises no serious question of law."

4. Under Revisal, section 506, when a demurrer is overruled, the defendant is entitled to answer over as a matter of right, "if it appear that the demurrer was interposed in good faith."

5. When the demurrer or answer is frivolous, the plaintiff is entitled to judgment, unless the court in the exercise of a sound discretion permits the defendant to answer over.

6. The refusal to hold a demurrer or answer frivolous and to render judgment thereon is not appealable.

Action by Rebecca Morgan against E. C. Harris and others, heard by *Judge O. H. Allen,* at the September Term, 1905, of the Superior Court of McDowell. From judgment rendered, both sides appealed.

*Sinclair & Johnston* and *W. T. Morgan* for the plaintiff.
*Justice & Pless* for the defendants.

Clark, C. J. This is an action by an old woman, 80 years of age, to set aside a deed, her execution of which she alleged had been procured by the conspiracy, fraud and misrepresentation of the male defendants, the said deed being in favor of the wife of one of them who was her sister, and falsely reciting that $200 had been paid when nothing had passed. She averred that she signed the deed upon defendants' representing to her that it was a will devising said land to her two daughters, the defendants well knowing that she had already executed a paper, "in the nature of a testamentary deed," giving said land to her two daughters, upon certain conditions and stipulations as to her support and maintenance and reserving right and authority to cancel said paper, upon the violation of such conditions, which paper had not been delivered to said daughters nor recorded, but had been put in safe keeping, for delivery, it seems, after her death.

The case being reached for trial, and there being no answer filed, the plaintiff moved for judgment. The court instead permitted the defendants to answer or demur. This was in the discretion of the court. Revisal, 512. The defendants thereupon, instead of denying the serious allegations in the complaint, demurred upon the ground that as the plaintiff had only a life estate by reason of the "testamentary deed" to her daughters and the conveyance to defendants complained of provided that the "grantees shall not be in full and lawful possession till her death," the plaintiff had no cause of action. The "testamentary deed" (so-called) was not absolute, like that to *feme* defendants, but was subject to revocation upon certain conditions (if valid at all), and had neither been delivered nor recorded. Both papers were set out as exhibits to the complaint and the demurrer is clearly frivolous and was probably interposed for delay that the death of plaintiff might remove the witness to the alleged fraud.

The judge properly overruled the demurrer, but erred in not holding the same frivolous, and he could have signed the judgment tendered by plaintiff. *Cowan v. Baird,* 77 N. C., 201. A frivolous demurrer is one "which raises no serious question of law." *Johnston v. Pate,* 83 N. C., 110; *Dunn v. Barnes,* 73 N. C., 273; *Hurst v. Addington,* 84 N. C., 143; *Porter v. Grimsley,* 98 N. C., 550.

When a demurrer is overruled, the defendant is entitled to answer over as a matter of right, "if it appear that the demurrer was interposed in good faith." Revisal, 506. But when the demurrer or answer is frivolous, the plaintiff is entitled to judgment, unless the court in the exercise of a sound discretion permits the defendant to answer over. This was not done here, because the judge did not hold the demurrer frivolous and leave to answer was, therefore, not necessary. The refusal to hold a demurrer or answer frivolous and to render judgment thereon is not appealable, *Walters v. Starnes,* 118 N. C., 842; *Abbott v. Hancock,* 123 N. C., 89, where the

reasons are given. The plaintiff's appeal must, therefore, be dismissed, but when the case goes back, with this judgment holding the demurrer to be frivolous, the plaintiff will be entitled to judgment by default, unless the court below is of opinion that in the exercise of a sound discretion the facts justify permission to answer over. Revisal, 1279.

In plaintiff's appeal: Appeal dismissed.

In defendant's appeal: Modified and affirmed.