MOLLIE C. PARKER v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 7 April, 1909.)

1. **Railroads—Lessor and Lessee—Pleadings—Allegations of Lease—Demurrer.**

   When it is substantially alleged in the complaint, in a suit for damages against a railroad company, that plaintiff's intestate was killed while in the course of his employment by defendant's lessee company operating the railroad of the defendant as its lessee, the complaint is not demurrable on the ground that it did not sufficiently appear that the lease was in force at the time of the injury.

2. **Railroads—Lessor and Lessee—Negligent Killing—Lessor—Damages.**

   Defendant lessor railroad company is liable for the negligent killing of plaintiff's intestate by its lessee railroad company. (*Logan v. Railroad,* 116 N. C., 940, and *Brown v. Railroad,* 131 N. C., 455, cited and approved.)

3. **Pleadings—Demurrer, Frivolous—Appeal and Error—Procedure.**

   The Supreme Court, holding a demurrer to a complaint frivolous, will not direct judgment by default and inquiry to be entered in the trial court, when no motion for such judgment had been made in the lower court and no exception to the judge's order allowing an answer had been taken and appealed from. (Revisal, secs. 656, 472.)

4. **Pleadings—Demurrer, Frivolous—Discretionary Powers—Answer.**

   It is in the discretion of the trial judge to permit defendant to answer after overruling a demurrer to the complaint, though the demurrer were frivolous.

150—28

CAUSE heard on demurrer to complaint, before *Jones, J.,* at August Term, 1908, of DURHAM.

Defendant appealed.

*V. S. Bryant, Aycock & Winston* and *A. L. Brooks* for plaintiff.

*Guthrie & Guthrie* for defendant.

WALKER, J. This action was brought to recover damages for the death of the plaintiff's intestate, which is alleged to have been caused by the negligence of the defendant's lessee, the Southern Railway Company. It is alleged in the complaint that, prior to 6 August, 1907, the defendant leased its road, fixtures and franchise to the Southern Railway Company for a term of years, and that on said day "the defendant's lessee, by and with the knowledge, consent and approval of the defendant, was operating freight and passenger trains along said line of railway," the intestate being one of its locomotive engineers, and that while so employed and engaged in the performance of his duty he was killed by the collision of the engine, which was then in his charge as engineer, and a train of the defendant's lessee, and that the collision was caused by the negligence of the said lessee. The defendant demurred on the ground that it did not sufficiently appear in the complaint that the lease was in force at the time the plaintiff's intestate was killed, nor that the intestate was acting under instructions given by the said lessee. We have stated only the substance of the complaint and demurrer. The court overruled the demurrer and permitted the defendant to answer, and to this ruling the defendant excepted and appealed. We do not entertain any doubt as to the correctness of the ruling of the court. It appears, at least substantially, in the complaint that at the time the intestate was killed the Southern Railway Company was operating the railway of the defendant as its lessee, and that the intestate was in the employ of the lessee and in the discharge of his duty as one of its engineers. That the defendant, as lessor, is liable for the negligent killing of the intestate by its lessee has been settled by numerous decisions of this Court. *Logan v. Railroad,* 116 N. C., 940; *Brown v. Railroad,* 131 N. C., 455.

The plaintiff contended in this Court that the demurrer was frivolous and judgment by default and inquiry should have been entered in the court below, and that we should direct such a judgment to be entered. But he did not move for judgment, as required by the Revisal, sec. 656, which provides that "If a demurrer, answer or reply be frivolous, the. party prejudiced. thereby may apply to the court or to the judge thereof for judg-ment thereon, and judgment may be given accordingly." See, also, Revisal, sec. 472. Nor did the plaintiff except to the judge's order and appeal. The judge had the discretion to per-mit the defendant to answer after he had overruled the demur-: rer, even if it was frivolous. *Dunn v. Barnes,* 73 N. C., 273; Clark's Code (3d Ed.), sec. 272, p. 295, and notes. The case of *Morgan v. Harris,* 141 N. C., at p. 360, is directly in point. The Chief Justice, speaking for the Court,·says: "When a de-murrer is overruled the defendant is entitled to answer over as a matter of right, 'if it appear that the demurrer was inter-posed in good faith.' Revisal, sec. 506. But when the demurrer or answer is frivolous the plaintiff is entitled to judgment, unless the court, in the exercise of a sound discretion, permits the defendant to answer over. This was not done here, because the judge did not hold the demurrer frivolous,· and leave to answer was therefore not necessary. The refusal to hold a demurrer or answer frivolous and to render judgment thereon is not appeal-able *(Walters v. Starnes,* 118 N. C., 842; *Abbott v. Hancock,* 123 N. C., 89), where the reasons are given. The plaintiff's appeal must therefore be dismissed; but when the case goes back, with this judgment holding the demurrer to be frivolous, the plaintiff will be entitled to judgment by default, unless the court below is of the opinion that, in the exercise of a sound discretion, the facts justify permission to answer over. Revisal, sec. 1279."

The case of *Walters v. Starnes,* 118 N. C., 842, cited by the plaintiff, does not sustain his position. The Court, in that case, merely held that the demurrer was frivolous, contrary to the ruling of the judge, but did not. direct judgment to be given in the Superior Court for the plaintiff. It was left with the judge to exercise his discretion.

No Error.·