ATLANTIC COAST LINE RAILROAD COMPANY v. BRUNSWICK
COUNTY.

(Filed 15 October, 1919.)

1. **Taxation—Payment—Protest—Statutes—Actions.**

Where, in conformity with the provisions of Rev., sec. 2855, a person has paid an assessment or tax for State and county purposes against his property, and at the time thereof has notified the sheriff in writing that he paid it under protest, and within the thirty days he has demanded the same in writing from the officer therein designated, and the same is not repaid within the ninety days required by the statute, the party so acting has a present right of action for the recovery of the tax without the necessity of having made the presentation and. demands to the proper municipal authorities referred to in Rev., sec. 1384, as to auditing and examination of claims, etc., or to the chairman of the board of county commissioners, referred to in Rev., sec. 396, the later act, Rev., 2855, being regarded as an exception to the general requirements of the preceding ones—secs. 1384, 396.

2. **Pleadings — Demurrer — Frivolous — Courts — Discretion — Appeal and Error.**

The action of the trial judge in refusing to hold a demurrer as frivolous and allowing the defendant to plead over, except perhaps in the absence

of a great abuse of this power, is within his sound legal discretion, and not reviewable on appeal.

ACTION under sec. 2865, Rev., to recover an amount of taxes agreed to have been unlawfully and wrongfully collected from plaintiff, heard on demurrer to complaint before *Calvert, J.,* at June Term, 1919, of BRUNSWICK.

There was judgment overruling demurrer, and defendant excepted and appealed.

*Rountree & Davis and Cranmer & Davis counsel for plaintiff.*
*C. Ed. Taylor counsel for defendant.*

HOKE, J. The statute under which the present action is instituted (Rev., sec. 2855), on matter relevant to this inquiry, provides as follows:

"Whenever any person shall claim to have a valid defense to the enforcement of a tax or assessment charged or assessed upon his property or poll, such person shall pay such tax or assessment to the sheriff; but if, at the time of such payment, he shall notify the sheriff in writing that he pays the same under protest, such payment shall be without prejudice to any defenses or rights he may have in the premises, and he may, at any time within thirty days after such payment, demand the same in writing from the Treasurer of the State or of the county, city or town, for the benefit or under the authority or by the request of which the same was levied; and if the same shall not be refunded within ninety days thereafter, may sue such county, city or town for the amount so demanded, including in his action against the county both State and county tax; and if upon the trial it shall be determined that such tax or any part thereof was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid or excessive, judgment shall be rendered therefor, with interest, and the same shall be collected as in other cases."

In the present instance the complaint alleges that for the year 1914 there was collected from plaintiff company illegal taxes to the amount of $824.67, setting forth with fullness and detail the facts showing the illegality complained of and the amount as stated. It also states that at the time of payment the company, through its duly authorized officers, filed a written protest with the sheriff of the county, and within thirty days made formal demand in writing on the county treasurer, and containing notice that if the tax so wrongfully collected was not refunded in ninety days, action would be brought under Rev., sec. 2855, etc.

Defendant's demurrer is on the ground that no previous demand had been made of the proper municipal authorities that the claim be audited

and examined as required by sec. 1384, Rev., nor to the chairman of the board of county commissioners, as contemplated and directed by sec. 396.

The complaint having averred full compliance with all the preliminary requirements of sec. 2855, the statute in explicit terms authorizes the suit. There is no reason for requiring further demand when, in the protest and the demand on the treasurer, which was required to be made in writing, the county officials were fully informed of the nature and amount of the claim, and we are of opinion that by correct interpretation this section confers a present right of action without making the presentation and demands referred to in the sections of Revisal upon which defendant relies. *R. R. v. Reidsville,* 109 N. C., 494. Under proper construction this later act, under which the suit was brought, must be regarded as an exception withdrawing claims controlled by it from the operation and effect of the general requirements of the former portions of the law. *Cecil v. High Point,* 165 N. C., 431; *Rodgers v. United States,* 185 U. S., 83; 1 Lewis' Sutherland Stat. Construction, sec. 268.

While we approve his Honor's judgment overruling the demurrer, we do not concur in the view insisted upon by the appellee that the demurrer is so devoid of merit that it should be held frivolous and judgment entered in this Court for the sum demanded. Apart from this, the question has not been passed upon in court below, and our later decisions on the subject are to the effect that even when frivolous this matter in the first instance is referred to the "sound discretion" of the trial judge and that his judgment permitting a defendant to answer over will not be interfered with, except perhaps in case of great abuse, nor can his action be reviewed by appeal. *Parker v. R. R.,* 150 N. C., 433, citing *Dunn v. Barnes,* 73 N. C., 273; Clark's Code (3d Ed.), sec. 272, p. 295, and notes; *Morgan v. Harris,* 141 N. C., 360; *Walters v. Starnes,* 118 N. C., 842; *Abbot v. Hancock,* 123 N. C., 89.

There is no error, and judgment overruling demurrer is

Affirmed.